IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAZARIAN INTERNATIONAL FINANCIAL ASSOCIATES, L.L.C., | ) ) ) |
| Plaintiff, | ) ) ) ) ) ) ) ) ) |
| v. | Civil Action No. 1:13-cv-01981-BAH |
| DESARROLLOS AEROHOTELCO, C.A., et al., | |
| Defendants. | |

## MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANTS

Plaintiff, Bazarian International Financial Associates, L.L.C. ("BI"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), hereby respectfully moves for leave to effect service of process on the foreign Defendants in this case through alternative means—namely, service via registered mail and electronic mail on Defendants' retained litigation counsel in Coral Gables, Florida.  As explained below, Defendants—all of whom are foreign entities or individuals—have contractually agreed to have BI's claims heard in this Court, and thus submitted themselves to this Court's personal jurisdiction.  Because BI has thus far been stymied in its efforts to effect service of process on the original defendant in this case, Desarrollos Aerohotelco, C.A., in Venezuela, and because Defendants currently have retained litigation counsel located in Florida that is representing them in a case pending before the United States District Court for the District of Connecticut, BI respectfully requests that the Court exercise its discretion to allow service through alternative means in this case.

## FACTS

BI is a hotel investment banking and strategic advisory firm based in the United States. (First Amended Complaint ("Am. Compl."), Dkt. No. 13, at ¶ 2.)  In early 2007, Desarrollos Aerohotelco, C.A. ("Aerohotelco"), a Venezuelan corporation owned and controlled by Walter Luciano Stipa Sprecase ("Stipa"), a Venezuelan citizen, retained BI to assist Aerohotelco with the preparation of a bid for an option offered by the Government of Aruba to lease land in Palm Beach, Aruba, for the purpose of establishing and developing a luxury hotel resort (the "Project").  (*Id*. at ¶¶ 3, 4, 13.)  On February 5, 2007, BI and Aerohotelco executed an Investment Banking Agreement (the "Agreement"), pursuant to which BI agreed to act as Aerohotelco's exclusive advisor and investment banker to work with financial institutions, investors, and funding sources on a best efforts basis to raise financing for the Project. *Id.* at ¶¶ 13-14 and Ex. A.)

Under the Agreement, BI was to be paid a percentage of the financing committed to the project as a result, directly or indirectly, of BI's efforts (the "Debt Fee").  (*Id*. at ¶ 15 and Ex. A.) The Debt Fee as to become payable "upon the earlier of the first draw-down of funds and/or first infusion of equity capital, provided that financing has been committed to the Projet as a result of the efforts of [BI]."  (*Id.* at ¶ 16 and Ex. A.)

As a result of BI's efforts, on March 26, 2007, AIB Bank sent an Indicative Term Sheet to BI and Aerohotelco setting forth a total facility amount of $170 million.  (*Id*. at ¶ 21.)  In or about June 2008, as a result of BI's efforts, the Government of Aruba awarded the Palm Beach option to Aerohotelco.  (*Id*. at ¶ 24.)  The Aruban government subsequently awarded a sixty-year lease to an affiliate of Aerohotelco, Desarrollos Hotelco Corporation DHC Aruba, N.V.

("DHC"), an Aruban company formed under the laws of the former Netherland Antilles that is also owned and controlled by Stipa. (*Id.* at ¶¶ 7, 24.)

Stipa and Aerohotelco ultimately opted to have the Project financed by AIB Bank; however, in approximately June 2009, Aerohotelco informed BI that it would not pay the Debt Fee for the financing from AIB Bank and claimed that BI had no role in facilitating AIB Bank's financing for the Project. On or about October 26, 2009, AIB Bank and Aerohotelco or a successor entity similarly owned and controlled by Stipa entered into an enforceable financial agreement with AIB Bank for the Project (the "Facility Agreement"). (*Id.* at ¶ 30.) A copy of the Facility Agreement was never provided to BI. (*Id.*)

Starting in 2011, Aerohotelco and/or its successor entities drew funds from AIB Bank to develop the Project. (*Id.* at ¶ 33.) Indeed, on June 22, 2010, Stipa and several of the entities owned and controlled by him, including DHC, Desarrollos Newco 22, C.A. (a Venezuelan entity) ("Newco"), Desarrollos Hotelco Corporation Curacao Holding, N.V, (an entity formed under the laws of the Netherlands Antilles) ("Hotelco Curacao"), and Desarrollos Hotelco Aruba Holding, N.V. (an entity formed under the laws of the Netherlands Antilles) ("Aruba Holding") entered into a Share Sale Agreement and Shareholders Agreement with a Venezuelan individual named Romeo Mouwad. (*Id.* at ¶¶ 5, 6, 7, 33, and 34.) That agreement defines all of the Stipa-owned and -controlled entities as "Developers" of the Project and provides a payment schedule whereby 30 percent of the ownership interest in the hotel would be transferred to Mouwad. *Id.* at ¶¶ 34, 36.) The agreement also recites that the various "Developers" had signed a series of agreements with the Aruban government for the construction and operation of the hotel. *Id.* at ¶ 35.) On November 22, 2013, the Project—now known as the Ritz-Carlton Aruba—opened. (*Id.* at ¶ 41.)

On December 16, 2013, BI initiated this action with the filing of its original complaint naming only Aerohotelco as a defendant. Following the filing of its original complaint, BI had the complaint and summons translated into Spanish and then provided them to the State Department's contracted international process server, Process Forwarding International, for forwarding to the Venezuelan Central Authority (the Venezuelan Foreign Ministry) pursuant to the procedures set forth in the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Despite the fact that the summons and complaint were forwarded by Process Forwarding International to the Venezuelan Central Authority approximately eight months ago, there has been no response from the Venezuelan Central Authority indicating whether Aerohotelco has been successfully served. Additionally, the United States Embassy in Caracas, Venezuela, has been unable to provide any additional information to counsel for BI regarding the status of the Venezuelan Central Authority's efforts to effect service of process.

In October 2014, it came to the attention of BI and its counsel that a separate action had been filed against Stipa and the various entities controlled by him by a receiver appointed by the United States District Court for the District of Connecticut in *John J. Carney v. Walter Luciano Stipa, et al.*, Case No. 3:14-cv-925 (the "Receivership Case"). On October 14, 2014, counsel for BI emailed Wilfredo Rodriguez, an attorney with the law firm of Avila Rodriguez Hernandez Mena & Ferri LLP in Coral Gables, Florida, who had previously represented Defendant Aerohotelco in an earlier case between BI and Aerohotelco that was dismissed without prejudice in June 2011, and requested that he accept service of process in this case on behalf of Aerohotelco. (*See* Dkt. No. 11-2.) Attorney Rodriguez responded that "we have not had any

4

contact with this client for quite a while and we are not authorized to accept service on its behalf." (*Id.*)

On December 2, 2014, however, Attorney Rodriguez and another attorney from his firm submitted motions for admission *pro hac vice* in the Receivership Case. (*See* Motions for Admission *Pro Hac Vice* of Wilfredo Rodriguez, Esq., and Eduardo F. Rodriguez, Esq. attached hereto as Exhibit A.) On December 11, 2014, their motions were granted and their appearances entered on behalf of Stipa, DHC, Newco, Hotelco Curacao, and Aruba Holding. (*See* December 11, 2014 Minute Orders in Receivership Case attached hereto as Exhibit B.)

On January 16, 2015, summonses were returned executed as to Stipa, DHC, Newco, Hotelco Curacao, Aruba Holding, and Desarrollos Hotelco Corporation Aruba Holding Caracas, S.A. ("Caracas Holding")[1] in the Receivership Case, asserting that they had been served at the hotel in Aruba pursuant to the Hague Convention. (*See* Receivership Case Summonses Returned Executed attached hereto as Exhibit C.) On March 16, 2015, with the exception of Caracas Holding,[2] each of these parties moved to dismiss the Receivership Case against them, claiming that service on them in Aruba pursuant to the Hague Convention had been improper. (*See* Receivership Case Motion to Dismiss attached hereto as Exhibit D.) The motion to dismiss is still pending in the Receivership Case.

Based on the additional information that came to the attention of BI and its attorneys as a result of the Receivership Case, on February 10, 2015, BI filed its First Amended Complaint in this case. The First Amended Complaint names Stipa, DHC, Newco, Hotelco Curacao, Aruba

---

[1] Caracas Holding is a Venezuelan corporation controlled by Stipa and operating in Aruba that, upon information and belief, holds some or all of the equity interest in DHC. *See* Am. Compl. at ¶ 9.)
[2] It is unclear why Caracas Holding did not similarly join in the motion to dismiss. To date, Caracas Holding has not responded to the complaint in the Receivership Case.

Holding, and Caracas Holding as defendants in addition to Aerohotelco, as the Agreement, per its terms, binds Aerohotelco's "successor Companies or any related entities which intend to invest in and/or develop" the Project. (*See* Am. Compl. at ¶ 11.)  On February 11, 2015, counsel for BI emailed a copy of the First Amended Complaint to the two attorneys that had entered their appearance in the Receivership Case. (*See* Email from Eric Heyer to Wilfredo Rodriguez attached hereto as Exhibit E.)  Counsel for BI requested that, given that they were representing the Defendants in the separate Receivership Case and thus were presumably in contact with Defendants, the Florida attorneys now accept service on behalf of the Defendants. (*Id.*)  Counsel for BI has never received any response to this request.

In attempting to arrange for service in Aruba on the various Defendants, despite extensive efforts involving searches of international business databases and inquiries of the Aruban government, counsel for BI has been unable to identify addresses (which are required for service to be effected under the Hague Convention) for Stipa, Newco, or Caracas Holding in either Venezuela or Aruba, or to confirm addresses for the remaining defendants.[3]  Further, despite the fact that Stipa and two other employees of his companies submitted declarations in support of their motion to dismiss in the Receivership Case, they provided no addresses where either Stipa or any of the corporate Defendants could be served in any country.

## ARGUMENT

Federal Rule of Civil Procedure 4(f)(3) provides that an individual "may be served at a place not within any judicial district of the United States . . . . by other means not prohibited by international agreement, as the court orders."  Similarly, Federal Rule of Civil Procedure 4(h)(2) provides that a "foreign corporation, or a partnership, or other unincorporated association that is

---

[3] Counsel listed its best guesses as to the addresses for the Defendants on the summonses issued on February 12, 2015.

6

subject to suit under a common name, must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Rule 4(f)(3) is "neither a 'last resort' nor one of 'extraordinary means,' but is "merely one means among several which enables service of process on an international defendant." *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see also Williams v. Advertising Sex, LLC*, 231 F.R.D. 483, 486 (N.D.W.Va. 2005) (holding that a plaintiff's petition for service under Rule 4(f)(3) "may proceed without seeking service under the other provisions of Rule 4(f)"). Whether to allow a proposed alternative means of service is a matter dedicated to the district court's discretion. *See Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 84 (D.C. Cir. 2014) ("On remand, the district court retains discretion under Rule 4(f)(3) to authorize service even if the alternative means would contravene foreign law."). Beyond being facially permitted by Rule 4(f)(3), the method of service must only "be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*, 339 U.S. 306, 314 (1950)).

As recently noted by the District of Columbia Circuit, "[a] number of courts thus have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf." *Freedom Watch, Inc.* 766 F.3d at 83 (collecting authorities). Such is particularly the case where there exists evidence that the defendant's counsel is in contact with the foreign defendant at the time service is effected. *See*, *e.g.*, *Props. Inc.*, 284 F.3d at 1017 ("Service upon

[the attorney] was also appropriate . . . . [I]t seems clear that he was in contact with [the defendant] in Costa Rica. Accordingly, service to Carpenter was also reasonably calculated in these circumstances to apprise [the defendant] of the pendency of the present action."); *United States CFTC v. Aliaga*, 272 F.R.D. 617, 620-21 (S.D. Fla. 2011) (allowing service where the attorney—who had previously refused to accept service—had filed a motion to dismiss in the action and thus presumably had an existing relationship with the defendants from the Dominican Republic); *In re Potash Antitrust Litigation*, 667 F. Supp. 2d 907, 931-32 (N.D. Ill. 2009), *vacated on other grounds*, *Minn-Chem, Inc. v. Agrium Inc.*, 657 F.3d 650 (7th Cir. 2011) (permitting service on attorneys in the United States where "it was clear that the law firm has been retained by [the defendant] and was in contact with the company").

Here, both the requirements of Rule 4(f)(3) and due process would be met by allowing alternative service upon Defendants' Florida-based attorneys. While Venezuela and the Netherlands (of which Aruba is a constituent part) are parties to the Hague Convention and Venezuela is a party to the Inter-American Convention on Letters Rogatory ("Inter-American Convention"), neither of these international agreements prohibits service on a foreign defendant by serving its attorneys based in the United States. (*See* Hague Convention and Venezuela's and the Netherlands' Reservations thereto, copies of which are attached as Exhibit F; *see also* Inter-American Convention and Venezuela's Reservations thereto, copies of which are attached as Exhibit G.) Moreover, Article 1 of the Hague Convention specifically states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." (Hague Convention, Art. 1, Exh. F.) Thus, service on Defendants' attorneys in Florida would not be prohibited by any applicable international agreement.

Further, service on Defendants' attorneys in Florida would also satisfy the due process requirement that such be reasonably calculated to apprise the Defendants of the pendency of this action and afford them an opportunity to present their objections.  As noted above, Defendants' attorneys in Florida are currently representing them in the Receivership Case in Connecticut, and thus are presumably in regular contact with Defendants.  Further, the attorneys have not affirmatively stated that they do not have authorization to accept service of the summons and complaint on behalf of the Defendants (as they did with respect to the original complaint), but have instead failed to respond at all to the inquiry from counsel for BI.  Given that BI and its attorneys have been unable to identify or confirm addresses for several of the Defendants and have never heard anything back from Venezuela as regards service of the original complaint on Aerohotelco, BI appears to be without any alternative means of effecting service of process on at least some, if not all, of the Defendants.  Finally, because Defendants have stipulated to this Court's personal jurisdiction over them by way of the forum selection clause found in Section 4 of the Agreement itself, any concerns that potentially insufficient service of process might put into question this Court's exercise of personal jurisdiction over the Defendants is minimized.

Simply put, Defendant Stipa is a wealthy foreign businessman who owns several resort hotels and controls each of the foreign corporate defendants.  He stipulated to this Court's jurisdiction in Section 4 of the Agreement with BI and should not be permitted to rely on his foreign identity and the difficulty in locating a current address for his many foreign entities to avoid this Court's exercise of personal jurisdiction over him and his companies.  Each of the factors relevant to the Court's decision as to whether to authorize alternative service over Defendants militates strongly in favor of allowing such.

## **CONCLUSION**

Accordingly, BI respectfully requests that the Court grant its motion and enter an order allowing alternative service on Defendants by serving their attorney, Wilfredo Rodriguez, of Avila Rodriguez Hernandez Mena & Ferri LLP in Coral Gables, Florida via email and registered mail.

A proposed form of order is enclosed.

Respectfully submitted,

THOMPSON HINE LLP

Dated: April 21, 2015     By:     /s/ Eric N. Heyer
                                  Eric N. Heyer
                                  D.C. Bar No. 500095
                                  1919 M Street, N.W., Suite 700
                                  Washington, D.C. 20036
                                  Telephone - (202) 331-8800
                                  Facsimile – (202) 331-8330
                                  eric.heyer@thompsonhine.com

                                  *Counsel for Plaintiff Bazarian International Financial Associates, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2015, I will cause the foregoing Motion for Leave to Effect Alternative Service on Defendants to be electronically filed with the Clerk via the Court's ECF/ECM system and served via electronic mail and first class mail, postage prepaid, on:

Wilfredo Rodriguez
AVILA RODRIGUEZ HERNANDEZ
MENA & FERRI LLP
2525 Ponce de Leon Boulevard
Penthouse 1225
Miami, FL 33134-6049
frodriguez@arhmf.com

           /s/ Eric N. Heyer
Eric N. Heyer
THOMPSON HINE LLP
D.C. Bar No. 500095
1919 M Street, N.W., Suite 700
Washington, D.C.  20036
Telephone - (202) 331-8800
Facsimile – (202) 331-8330
eric.heyer@thompsonhine.com

*Counsel for Plaintiff Bazarian International Financial Associates, LLC*