UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 11 2018
Clerk, U.S. District and
Bankruptcy Courts

BAZARIAN INTERNATIONAL FINANCIAL
ASSOCIATES, LLC,

Plaintiff,

v.

DESARROLLOS HOTELCO, C.A.,
DESARROLLOS HOTELCO CORPORATION
CURACAO HOLDING N.V., and
DESARROLLOS HOTELCO CORPORATION
DHC ARUBA, N.V.,

Defendants.

Civil Action No. 13-1981 (BAH)

Chief Judge Beryl A. Howell

## INSTRUCTIONS TO THE JURY

The attached instructions were given to the jury in the trial of the captioned case on May 11, 2018.

**DATED: May 11, 2018**

BERYL A. HOWELL
Chief Judge

JURY INSTRUCTIONS – *Bazarian v. Desarrollos Hotelco*, 13-1981
*May 11, 2018*

Members of the jury, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. After I have given you these instructions, you will hear the closing arguments of counsel concerning the evidence in this case. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

My instructions will be roughly divided into four parts. First, I will talk about some general principles of law. Next, I will instruct you on evaluating the evidence. Then, I will discuss with you instructions that apply to the elements of the specific claim in this case. Finally, I will have some closing instructions about how you are to conduct your deliberations.

I will provide you with a copy of my instructions so there is no need for you to take notes. Instead, you should just listen carefully.

### *General Instructions*

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses. You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

As I instructed you at the beginning of the trial, the plaintiff is the person who starts a lawsuit, and the defendant is the person the plaintiff has sued. The fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that its evidence is entitled to greater weight than the defendant's evidence. The plaintiff must prove that the factual basis of its claim is more likely true than not true. This burden of proof is sometimes called "the preponderance of the evidence" standard. Similarly, the defendants must prove that the factual basis of any affirmative defense is more likely true than not true.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.

A corporation, whether large or small, has the same right to a fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that the plaintiff and the defendants in this case are companies must not affect your decision.

You have heard testimony from witnesses who testified in Spanish, with translation into English provided by a qualified interpreter. The interpreter interpreted only what was said and did not add, omit, or summarize anything. The fact that these witnesses used the services of an interpreter should not influence you in any way.

Even if you speak Spanish, you must accept the translator's translation of the witness's testimony or the translation of Spanish documents so that all jurors will base their decisions on the same evidence.

JURY INSTRUCTIONS – *Bazarian v. Desarrollos Hotelco*, 13-1981
*May 11, 2018*

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case. I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

In that regard, if, during the course of this trial, or the giving of these instructions, you believe that I have made any comment on any evidence, you are free to disregard the comment. Likewise, during the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts. Remember, you are the sole and exclusive judges of all questions of fact in this case.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

### *Evaluating the Evidence*

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties. You may consider any facts to which the parties have stipulated or agreed to be undisputed evidence.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence.
If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial. Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff, must prove every element of its claim against each defendant by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

JURY INSTRUCTIONS – *Bazarian v. Desarrollos Hotelco*, 13-1981
*May 11, 2018*

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then your finding on that issue must be for the defendant. Similarly, if you believe that the evidence is evenly balanced on an issue the defendant had to prove, then your finding on that issue must be for the plaintiff.

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense. You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

In this case, the defendants have asserted affirmative defenses that they must prove by a preponderance of the evidence if plaintiff has proven its claim. When I discuss each of these defenses, I will instruct you on the defendant's burden of proof.[1]

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

    Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

    The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

    You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

---

[1] *Id.*

JURY INSTRUCTIONS – *Bazarian v. Desarrollos Hotelco*, 13-1981
*May 11, 2018*

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

Two witnesses testified as experts. A person can be an expert based on his training, skill, experience, or education. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

You should evaluate expert testimony like any other evidence. You may give expert testimony as much or little weight as you think it deserves, taking into account the witness' training and experience, his credibility, the reasons given for the opinion, and all the other evidence in the case. You should consider all of these factors in resolving any conflict in the testimony of different expert witnesses.

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, you heard deposition testimony that was read from the deposition transcript. You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

You have heard evidence that a witness previously made statements and that these statements may be inconsistent with the witness' testimony here at trial. It is for you to decide whether any of these prior statements was made and, if one or more was made, whether it is inconsistent with the witness' testimony during this trial. If you find that any prior statement is inconsistent with the witness' testimony here in court, you may consider this inconsistency in judging the credibility of the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony differently depending on whether or not the prior statement was made under oath. If the prior inconsistent statement was made under oath, you may consider the statement as evidence that what the witness originally said was true. If the prior inconsistent statement was not under oath, you may not consider it as evidence that what the witness said in the earlier unsworn statement was true. Whether or not the prior inconsistent statement was under oath, you may consider the inconsistency in judging the witness' credibility.

If a witness testifies that a prior statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

The lawyers have shown to you charts and summaries to help explain the facts. The charts or summaries themselves, however, are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries are used only as a convenience; you should disregard any chart or summary that does not state the truth based on the evidence.

JURY INSTRUCTIONS – *Bazarian v. Desarrollos Hotelco*, 13-1981
*May 11, 2018*

All of the parties to this case are corporate legal entities. Such entities can act only through individuals as their agents or employees. In general, if any agent or employee of a corporate entity acts or makes statements while acting within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are of the corporate entity.

Plaintiff Bazarian International entered into an Agreement, dated February 5, 2007, with Desarrollos Aerohotelco, C.A. ("Aerohotelco"), a company that has since merged with Defendant Dessarollos Hotelco, C.A. ("Hotelco, C.A."). The parties have stipulated that Hotelco, C.A., is the successor in interest to Aerohotelco.

The other two defendants, Dessarollos Hotelco Corporation Curacao Holding, N.V. ("Hotelco Curacao") and Dessarollos Hotelco Corporation DHC Aruba, N.V. ("DHC"), contend that they are not signatories to the Agreement and have asserted the defense that they are not parties to the Agreement and, under Section 2.C of the Agreement, have no obligations to Plaintiff Bazarian International.

If you find that Defendants DHC and Hotelco Curacao continued the business of Aerohotelco and/or Hotelco, C.A., under the Agreement by investing in and developing the Ritz Carlton Hotel in Aruba, you may find that they are successors in interest to Aerohotelco and/or Defendant Hotelco, C.A. and are bound by the Agreement. In other words, Defendants DHC and Hotelco Curacao may be found to be successors in interest to Aerohotelco and/or Defendant Hotelco, C.A., where there is an implied or express agreement by Defendants DHC and Hotelco Curacao to assume the liabilities of Aerohotelco and/or Defendant Hotelco, C.A., or are a mere continuation of Aerohotelco and/or Defendant Hotelco, C.A..

If you conclude that Defendants DHC and Hotelco Curacao are not successors in interest to Aerohotelco and Hotelco, C.A., Plaintiff Bazarian International further contends that Defendants DHC and Hotelco Curacao are still bound by the Agreement as alter egos of Aerohotelco and/or Hotelco, C.A.. The law treats corporations as separate legal entities. If, however, Plaintiff Bazarian International can show that Defendants DHC and/or Hotelco Curacao are so closely linked with Aerohotelco and/or Defendant Hotelco, C.A., as to be really one and the same, and that they were used to perpetrate a wrong or an injustice, then you may find that Defendants DHC and/or Hotelco Curacao are bound by the obligations of Aerohotelco and Defendant Hotelco, C.A. under the Agreement.

To decide whether the Defendants DHC and Hotelco Curacao are alter egos of Aerohotelco and Defendant Hotelco, C.A., for purposes of liability under the Agreement, you may consider factors such as:
  (1)   Whether corporate formalities have been disregarded;
  (2)   whether corporate assets have been transferred from Aerohotelco or Hotelco, C.A. to Defendants DHC and/or Hotelco Curacao without payment of fair market value therefor;
  (3)   whether Defendants DHC and/or Hotelco Curacao were started with inadequate capital;
  (4)   whether Defendants DHC and/or Hotelco Curacao were used to protect Aerohotelco and/or Hotelco, C.A., from Plaintiff Bazarian International's claim;
  (5)   the extent to which Defendants DHC and/or Hotelco Curacao have the same beneficial owners as Aerohotelco and/or Hotelco, C.A.; and
  (6)   the extent to which Defendants DHC and/or Hotelco Curacao are controlled by the same dominating beneficial owner as Aerohotelco and/or Hotelco, C.A.

You must make your decision after considering these factors and the preponderance of the evidence. You may hold Defendants DHC and/or Hotelco Curaco liable for Aerohotelco's and/or Defendant Hotelco, C.A.,'s obligations only if you find that Defendants DHC and/or Hotelco were effectively one and the same as Aerohotelco and/or Defendant Hotelco, C.A., that Defendants DHC and/or Hotelco Curaco were used to

perpetrate a wrong, and that it is fair and just to hold Defendants DHC and/or Hotelco Curaco liable for Aerohotelco's and/or Defendant Hotelco, C.A.'s obligations.

If you find that Defendants DHC and/or Hotelco Curaco are not successors in interest nor alter egos of Aerohotelco's and/or Defendant Hotelco, C.A., then they have no legal duties under the Agreement and are entitled to a verdict in their favor.

### ***Breach of Contract Claim***

In this case, Plaintiff Bazarian International claims that the Agreement was breached because the fee due under the Agreement was not paid and Plaintiff has suffered damages by way of the lost fee as a result.

To prove a claim for breach of contract, a plaintiff must prove: (1) a valid contract between the parties; (2) an obligation or duty arising out of that contract; (3) a breach of that duty; and (4) damages caused by the breach.

Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, then that party has breached the contract. In this case, Plaintiff Bazarian International claims that the written Agreement dated February 5, 2007 is a contract between Plaintiff and the Defendants, and that Defendants breached the obligation to pay the fee due to Plaintiff.

A party who clearly indicates, by words or conduct, that it will not perform a duty under a contract, has breached that contract and is responsible for damages. In addition, its breach may excuse the other party from performing under the contract.

If you find that Defendant Hotelco, C.A. (or any other defendant found to be a successor in interest or alter ego of Aerohotelco and/or Hotelco, C.A.) clearly indicated to Plaintiff Bazarian International that it would not perform under the Agreement, then you may find that defendant breached the Agreement and excused Plaintiff Bazarian International from performing under the contract. If you find that Plaintiff Bazarian International clearly indicated to Defendant Hotelco, C.A. (or any other defendant found to be a successor in interest or alter ego of Aerohotelco and/or Hotelco, C.A.) that it would not perform under the Agreement, then you may find that Plaintiff breached the Agreement and excused the Defendants from performing under the contract.

To determine the meaning of a contract, you must first look at the words and phrases actually in the Agreement. There is a dispute in this case about the meaning of certain words in the Agreement. To determine the meaning of the words in dispute, you may consider the conduct of the parties in relation to those disputed words in the contract. You should give great weight to how the parties acted with respect to the disputed contract provision. You should also consider other evidence presented to you about the meaning of the provisions.

Next, you may consider the circumstances that existed at the time the contract was made, including the apparent purpose of the parties in entering into the contract, the history of negotiations leading up to the contract and the statements of the parties about their understanding of the contract. In addition, you may consider the statements of any agent for a party about its actions in negotiating or drafting the contract, or about its understanding of the language of the contract.

You must determine whether the parties intended the words to have their ordinary and plain meaning, or whether they intended the words to have a special meaning in accordance with the customs or usages of a particular trade or business. You may consider how persons in the real estate development and hospitality

finance or investment banking industry use the words to help decide what the parties to this contract understood the words to mean.

If Bazarian International fully performed all duties under the Agreement, then Bazarian International is entitled to full compensation under the Agreement from Defendant Hotelco, C.A., and any other defendant found to be a successor in interest or alter ego of Aerohotelco and/or Defendant Hotelco, C.A.

If Plaintiff Bazarian International did not fully perform all duties under the Agreement then you must decide whether Plaintiff Bazarian International substantially performed its duties. A party has substantially performed when the defects in that party's performance are of minor importance and the failure to perform fully was not willful. If you find that Plaintiff Bazarian International substantially performed its obligations under the Agreement, then Plaintiff Bazarian International is entitled to receive all payments due under the Agreement, minus any offsetting compensation owed to any Defendant for the defects in performance. If you find that any defects in the performance were caused by any Defendant preventing Plaintiff Bazarian International's performance or by any Defendant's anticipatory breach of the Agreement, then you should award Plaintiff Bazarian International the full fee to which it would otherwise be entitled under the Agreement.

You must make your findings concerning full or substantial performance based upon a preponderance of the evidence.

## Affirmative Defenses

In this case, the Defendants assert affirmative defenses. Even if Plaintiff Bazarian International proves its claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence. In other words, the Defendants do not have to disprove Plaintiff Bazarian International's claim, but may prevail on an affirmative defense by proving that defense by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately. I will address each affirmative defense next.

First, Defendants claim that there were certain terms and conditions required under the Agreement to be performed by Plaintiff Bazarian International in order to be entitled to claim and earn a fee for its services that were not performed or did not occur, and that, therefore, Defendants were excused from paying a fee to Plaintiff Bazarian International.

You must determine whether there were terms and conditions required under the Agreement. In other words, you must determine whether the parties intended that the Defendants' obligation to perform depended upon the performance of the terms and conditions by Plaintiff Bazarian International. If you find there were terms and conditions in the contract, then you must decide whether those terms and conditions were performed by Plaintiff Bazarian International.

If you find that there were no terms and conditions that had to be performed before Defendants became obligated to pay a fee to Plaintiff Bazarian International under the Agreement, then Defendants were obligated to perform under the Agreement.

If you find that there were terms and conditions in the Agreement, and the terms and conditions were performed by Plaintiff Bazarian International, then Defendants were obligated to perform under the Agreement.

If you find that there were terms and conditions in the Agreement, but any of them were not performed by Plaintiff Bazarian International, then Defendants were excused and not obligated to perform under the Agreement.

If you find, however, that Defendants' actions prevented or substantially contributed to preventing Plaintiff Bazarian International from performing its obligations under the Agreement, then Defendants are liable to Plaintiff Bazarian International for breach of contract. However, if Plaintiff Bazarian International would not have performed its obligations regardless of Defendants' actions or lack of cooperation, or if Defendants' actions were justified by Plaintiff Bazarian International's wrongful conduct, then Defendants are excused from performance and are not liable to Plaintiff Bazarian International.

Second, the Defendants assert the affirmative defense that the Agreement was modified. The law allows the parties to a contract to modify that contract later with an oral or written agreement. You must determine in this case whether the parties modified their contract. If you find that the parties entered into a later oral or written agreement with the intention of changing the terms of the original contract, you should find that the contract was modified.

## ***Damages***

If you find that the Plaintiff Bazarian International's Agreement was breached by Hotelco, C.A. (or any other defendant found to be a successor in interest or alter ego of Aerohotelco and/or Hotelco, C.A.) and that the breach was not excused, then you must award Bazarian International damages.

The measure of damages for a breach of contract is that amount of money necessary to place the injured party in the same economic position it would have been in if the contract had not been breached. To calculate the damages, determine the amount of money Plaintiff Bazarian International would have received had the Agreement not been breached.

Plaintiff Bazarian International has the burden of proving all elements of damages by a preponderance of the evidence. You are to award Plaintiff Bazarian International damages to fully compensate it for any unexcused breach by Hotelco, C.A. (or any other defendant found to be a successor in interest or alter ego of Aerohotelco and/or Hotelco, C.A.).

If you find that Plaintiff Bazarian International is entitled to receive damages from more than one defendant, then you must award such damages in a single amount against any defendant whom you find to be liable.

## ***Concluding Instructions and Logistical Matters***

Before I excuse you to deliberate, I want to discuss a few final matters with you.

During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions. If you have any questions about the instructions, you should feel free to send me a note. The instructions will be returned to me when your verdict is rendered.

In addition to these instructions, I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict. You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions. However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts. You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations room, your purpose should not be to support your own opinion but to determine the facts.

It may not be useful for a juror, at the start of deliberations, to announce a determination to stand for a particular verdict. When a juror announces a firm position at the outset, the juror may hesitate to back away after discussion with other jurors.

Furthermore, many juries find it useful to avoid a vote at the very beginning of deliberations. Calmly reviewing and discussing the case is often a more useful way to begin.

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the note taker's own personal use.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

JURY INSTRUCTIONS – *Bazarian v. Desarrollos Hotelco*, 13-1981
*May 11, 2018*

If it becomes necessary during your deliberations to communicate with me, you may send a note, signed by your foreperson or by one or more members of the jury. If you have a note, the foreperson should knock on the courtroom door, and the clerk will get the note and give it to me. If you are divided on any matter, you should not reveal in any note or otherwise how the jury is divided.

You will be provided with a verdict form for you to use to record your verdict in this case. The verdict form contains more than one question and the answer to each question must be the unanimous answer of the jury. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what your verdict should be. Nothing in the form replaces the instructions of law I have already given to you, and nothing in it replaces or modifies the instructions about the elements which the parties must prove. The form is meant only to assist you in recording your verdict.

When you have reached a unanimous agreement on your verdict, your foreperson will write the unanimous verdict answer of the jury in the spaces provided, fill in the date and sign the verdict form. Then you will notify the Court Security Officer, who will be seated outside the jury room, that you have reached a unanimous verdict by sending a note with the signed verdict form.

I will then call you into the courtroom and ask the foreperson to announce your verdict. Each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Again, a verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

You may now retire to the jury room to begin your deliberations.